IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Respondent,

vs.

MATEO ESTRADA,

    Movant.

No. CR S-03-0247 JAM KJM P

<u>ORDER AND</u>

<u>FINDINGS AND RECOMMENDATIONS</u>

    Movant is a federal prisoner proceeding with an application for writ of habeas corpus under 28 U.S.C. § 2255. Movant stands convicted, following a jury trial, of "possession of a listed chemical with knowledge or having reasonable cause to believe that it would be used to manufacture methamphetamine," in violation of 21 U.S.C. § 841(c)(2). He is serving a sentence of 235 months' imprisonment.

    On direct appeal, the Ninth Circuit Court of Appeal summarized the evidence presented at trial as follows:

> Responding to a report of an accident, a California Highway Patrol
> (CHP) Officer found an overturned pickup truck with a camper
> shell on a remote, hilly road of Colusa County. The truck
> contained 178 pounds of pseudoephedrine pills, as well as 78
> gallons of denatured alcohol, a can of acetone, and other
> paraphernalia suggesting to the officer that the contents were going
> to be used to make methamphetamine. The CHP officer found

Estrada near the overturned truck, conscious but dazed and with a contusion on his forehead.

After sending Estrada to the hospital, the CHP towed the truck and performed an inventory search. Following the search, the truck was released back to the towing company. About two months after the crash, the towing company sold the truck at a lien sale.

During the inventory search, the CHP found a receipt from a Home Depot store for several cans of denatured alcohol. One of the officers reviewed video footage from the Home Depot made at the time of the sale indicated on the receipt. The footage was not clear enough to identify Estrada as the customer, but the customer shown was approximately the same height and stature as Estrada, and was wearing a shirt that appeared to resemble the shirt Estrada was wearing at the time of the accident. Investigators were unable to recover fingerprints from the cans of denatured alcohol in the truck. Fingerprints recovered from a respirator mask and the cardboard boxes holding the pills did not match Estrada.

At trial, the government introduced evidence that in a 1994 seizure of items from a storage locker in San Jose, Estrada's fingerprints had been found on a type of flask used in manufacturing methamphetamine. The flask also had residue of iodide, which suggested that it had been used to manufacture methamphetamine. Also recovered from the storage locker were large amounts of ephedrine (different from pseudoephedrine, but also used to make methamphetamine). Other than the fingerprints on the flask, there was no evidence linking Estrada to the storage locker. Estrada objected to the admission of the evidence, but the district court overruled the objection with a limiting instruction.

U.S. v. Estrada, 453 F.3d 1208, 1210 (9th Cir. 2006).

All of movant's claims involve his assertion that he was denied his Sixth Amendment right to effective assistance of counsel. Mot. at ii-iii. The Supreme Court has enunciated the standards for judging ineffective assistance of counsel claims. See Strickland v. Washington, 466 U.S. 668 (1984). First, a person in movant's shoes has the burden of showing that, considering all the circumstances, counsel's performance fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-88. To this end, movant must identify the acts or omissions that are alleged not to have been the result of reasonable professional judgment. Id. at 690. The court must then determine whether in light of all the circumstances, the identified acts or omissions were outside the wide range of professional competent assistance. Id. Second,

movant must affirmatively prove prejudice. Id. at 693. Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." Id.; see also United States v. Murray, 751 F.2d 1528, 1535 (9th Cir. 1985); United States v. Schaflander, 743 F.2d 714, 717-18 (9th Cir. 1984) (per curiam).

Movant claims his trial counsel was ineffective because counsel never challenged the 1994 fingerprint evidence obtained in San Jose. Mot. at 43, 44, 47, 48. However, movant fails to point to any specific grounds on which counsel could have successfully kept the evidence out of the record. Rather, he simply argues that the 1994 evidence could not have been his fingerprint because he was never at the scene where it was found. As the government points out, movant's counsel did investigate the fingerprint evidence and obtained an expert opinion concluding the government's interpretation of the evidence was correct. Gov't's Response to Mot., Exs. 1 & 2. As such, movant has not shown that counsel's alleged failure to sufficiently challenge the fingerprint evidence prejudiced monvant's defense.

Movant also asserts counsel was ineffective for not informing movant he had the right to testify. Movant claims that if he had testified, there is a reasonable probability the outcome of his trial would have been different. Mot. at 46-49. In his motion, movant indicates, in unverified form, how he would have testified. Id. But he fails to point to anything concrete that a jury would have found exculpatory or that would have significantly corroborated any aspect of his defense. For example, movant indicates he would have testified that a man named "Jose," whose last name he does not know, was driving the truck in which the pseudoephedrine and other items were found. Id. However, nothing in the record corroborates this assertion and movant does not offer a detailed explanation of what would have made his testimony believable.
/////

Movant does not deny being in the truck with Jose, or being the only person found at the scene of the crash.[1]  Movant's second claim must be rejected.

In his final claim, movant restates the claims identified above as a cumulative claim, and asserts related violations of federal law without providing any additional facts.  Mot. at 53.  As indicated, movant raised several claims on direct appeal, see Estrada, 453 F.3d at 1208; to the extent movant attempts to raise those claims again, the claims are barred.  United States v. Redd, 759 F.2d 699, 701 (9th Cir. 1985) (per curiam).  His cumulative claim has no merit because the court has found the separate claims unavailing.  Any other claim presented by movant is not particularized enough to warrant relief.

For the foregoing reasons, the court will recommend that movant's § 2255 motion be denied.

With respect to movant's request to depose Irvin L. Simons and Tim A. Pori who acted as movant's counsel at trial, movant provides no reason suggesting these persons' testimony would change the court's resolution of the instant motion.  See Mot. at 55-57.  Movant's request will be denied.  Shah v. United States, 878 F.2d 1156, 1161 (9th Cir. 1989).

Accordingly, IT IS HEREBY ORDERED that movant's request for leave to depose Irvin L. Simons and Tim A. Pori is denied.

IT IS HEREBY RECOMMENDED that:

1. Movant's January 3, 2008 motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 be denied; and

2. The clerk of the court be directed to close the companion civil case No. CIV-S-08-0021 JAM KJM P.

/////

---

[1] Movant does say he has at most a first grade education, speaks only Spanish and suffered from disorientation following the crash -- all of which, he says, interfered with his ability to communicate with counsel and vice versa.  But again these representations are unverified and uncorroborated such that they do not provide grounds for relief.

4

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served and filed within ten days after service of the objections.  The parties are advised that failure to file objections within the specified time waives the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 11, 2009.

_____
U.S. MAGISTRATE JUDGE

1
estr0247.dis