IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MATEO ESTRADA,

             Petitioner,                 No. 2:03-CR-247 JAM DAD

    vs.

UNITED STATES OF AMERICA,       <u>ORDER AND</u>

             Respondent.          <u>FINDINGS & RECOMMENDATIONS</u>

_____/

          Mateo Estrada, a federal prisoner proceeding pro se, has filed a document with this court styled as a "petition for writ of audita querela." (Doc. No. 137.) Therein, he challenges his 2004 judgment of conviction and sentence in this action for possessing pseudoephedrine with knowledge or reasonable cause to believe that it would be used to manufacture methamphetamine, in violation of 21 U.S.C. § 841(c)(2). Petitioner has also moved for the appointment of counsel. (Doc. No. 139.) After careful consideration of the record and applicable law, the undersigned will recommend that the petition for writ of audita querela be dismissed. Accordingly, the motion for appointment of counsel will be denied.

/////

/////

1

I. Background

The challenged judgment of conviction was entered in this court on October 19, 2004. (Doc. No. 43.) On July 14, 2006, the United States Court of Appeals for the Ninth Circuit affirmed the judgment of conviction in a published opinion on appeal. See United States v. Estrada, 453 F.3d 1208, 1214 (9th Cir. 2006). On January 3, 2008, Estrada filed a motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 79.) On July 21, 2009, the motion was denied. (Doc. No. 106.) Estrada filed his petition for writ of audita querela in this action on August 9, 2012. (Doc. No. 137.)

II. Legal Standard for a Writ of Audita Querela

A writ of "audita querela," literally "the complaint having been heard," is a common law writ used to attack a judgment that was correct when rendered, but which later became incorrect because of circumstances arising after the entry of judgment. Carrington v. United States, 503 F.3d 888, 890 n.2 (9th Cir. 2007) (citing Doe v. INS, 120 F.3d 200, 203 n.4 (9th Cir. 1997)). The writ of audita querela has been abolished in civil actions (see Fed. R. Civ. P. 60(e)), but "potentially survives in the federal criminal context [ ] under the Supreme Court's decision in United States v. Morgan, 346 U.S. 502 (1954) and the All Writs Act [28 U.S.C. § 1651(a)]." United States v. Valdez-Pacheco, 237 F.3d 1077, 1079 (9th Cir. 2001) (citing Doe, 120 F.3d at 203).

The Ninth Circuit has held:

> . . . Morgan stands for the proposition that the common law writs, such as coram nobis and audita querela, are available to "fill the interstices of the federal postconviction remedial framework." In other words, the common law writs survive only to the extent that they fill "gaps" in the current systems of postconviction relief.

Valdez-Pacheco, 237 F.3d at 1079 (citations and internal quotation marks omitted). "A writ of audita querela is not an available remedy where the claims raised would be cognizable in a § 2255 habeas petition." Carrington, 503 F.3d at 890 (citing Valdez-Pacheco, 237 F.3d at 1080). Moreover, a "gap" in the current system of post-conviction relief does not exist simply because a

2

1    particular prisoner's § 2255 motion is procedurally barred by the ban on second or successive

2    petitions pursuant to 28 U.S.C. § 2244(b)(1)-(2).  See United States v. Gamboa, 608 F.3d 492,

3    495 (9th Cir. 2010); Moore v. Reno, 185 F.3d 1054, 1055 (9th Cir. 1999) (holding that the

4    dismissal of a subsequent § 2255 motion due to statutory limitations on successive petitions does

5    not render federal habeas relief an ineffective or inadequate remedy).

6           III.  Discussion

7           As noted above, in 2004 Estrada was tried and convicted in this action on one

8    count of possessing pseudoephedrine with knowledge or reasonable cause to believe that it would

9    be used to manufacture methamphetamine.  Estrada, 453 F.3d at 1209.  At his jury trial, this

10   court admitted, over defense objection, evidence that in 1994 Estrada's fingerprints were found

11   on a triple-neck flask commonly used in the manufacture of methamphetamine.  Estrada, 453

12   F.3d at 1210.  On appeal, the Ninth Circuit held that the admission of this evidence pursuant to

13   Fed. R. Crim. P. 404(b) was not an abuse of discretion.  Estrada, 453 F.3d at 1213.

14          Estrada bases his instant claim for post-conviction relief on an alleged post-

15   judgment change in the law.  In this regard, he asserts that in the recent decision in United States

16   v. Santini, 656 F.3d 1075 (9th Cir. 2011), the Ninth Circuit has "implicitly overruled" this

17   court's evidentiary ruling made at his 2004 trial and the published decision of the Ninth Circuit

18   upholding that evidentiary ruling.  (Doc. No. 137 at 1, 6-9).  Estrada contends that this claim is

19   properly presented by way of petition for writ of audita querela because his direct appeal is

20   closed and the claim would not be cognizable if now presented in a federal habeas corpus

21   proceeding.  Therefore, he asserts, a gap in post-conviction relief available to him exists here.

22   (Doc. No. 137 at 5.)  Noting that his § 2255 motion had already been denied when the Ninth

23   Circuit issued the decision in Santini, Estrada states that the presentation of his claim in a § 2255

24   proceeding is now foreclosed by provisions of The Antiterrorism and Effective Death Penalty

25   Act of 1996 ("AEDPA").  (Doc. No. 137 at 4-5.)  In the alternative, Estrada appears to argue that

26   his claim, if construed as a § 2255 motion, would not actually be "second or successive" because

3

it was a claim for relief that did not exist prior to the change in law that he alleges the decision in

Santini brought about.  (Doc. No. 137 at 9-10.)

However, the fact that petitioner Estrada may be procedurally barred from

presenting the instant claim in a second or successive § 2255 motion does not mean that a "gap"

exists in available post-conviction remedies.  Gamboa, 608 F.3d 492, 495; Moore, 185 F.3d at

1055.  As the Ninth Circuit explained in Valdez-Pacheco:

> A prisoner may not circumvent valid congressional limitations on
> collateral attacks by asserting that those very limitations create a
> gap in the postconviction remedies that must be filled by the
> common law writs.  See Kimberlin, 675 F.2d at 869; see also In re
> Davenport, 147 F.3d 605, 608 (7th Cir. 1998) (concluding that,
> even if the limitations of AEDPA foreclosed the use of 28 U.S.C.
> §§ 2241 and 2255 by federal prisoners, "it would be senseless to
> suppose that Congress permitted them to pass through the closed
> door [by way of the All Writs Act] simply by changing the number
> 2241 to 1651 on their motions"); cf. Moore v. Reno, 185 F.3d
> 1054, 1055 (9th Cir. 1999) (per curiam) (concluding that § 2255 is
> not inadequate or ineffective merely because a particular prisoner's
> § 2255 motion is procedurally barred), cert. denied, 528 U.S. 1178
> (2000).

Valdez-Pacheco, 237 F.3d at 1080.

Estrada's claim challenging his criminal conviction and sentence falls within the

purview of § 2255, regardless of whether he is procedurally barred from presenting that claim in

a second or successive motion.  See Ivy v. Pontesso, 328 F.3d 1057, 1059 (9th Cir. 2003) ("In

general, § 2255 provides the exclusive procedural mechanism by which a federal prisoner may

test the legality of detention."); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538

(3rd Cir. 2002) ("It is the inefficacy of the remedy, not the personal inability to use it, that is

determinative.").  Accordingly, a writ of audita querela is not available to petitioner under these

circumstances.

In any event, petitioner Estrada has failed to demonstrate that the Ninth Circuit's

decision in Santini is relevant to his case even if his claim for post-conviction relief were

properly presented.  In Santini, a panel of the Ninth Circuit held that the district court abused its

1   discretion in allowing the government to introduce expert witness testimony regarding the

2   defendant's previous law enforcement contacts and personal marijuana use under Federal Rule of

3   Criminal Procedure 404(b) to show proof of motive, opportunity, intent, preparation, plan,

4   knowledge, identity, or absence of mistake or accident.  Santini, 656 F.3d at 1077-78.   In

5   Santini, the criminal history evidence was held to be inadmissible because it failed the third (that

6   the evidence was sufficient to support a finding that defendant committed the other act) and

7   fourth (the act was similar to the offense charged) prongs of the Ninth Circuit's test for

8   admission of evidence under Rule 404(b).  Santini, 453 F.3d at 1078.  In contrast, on appeal of

9   Estrada's judgment of conviction, a panel of the Ninth Circuit held that the admitted fingerprint

10  evidence met each challenged prong of the same test governing the admission of Rule 404(b)

11  evidence.  Estrada, 453 F.3d at 1213.  Contrary to petitioner Estrada's contention, Santini in no

12  way overruled or called into doubt the Ninth Circuit's published decision upholding this court's

13  admission of the fingerprint evidence at his trial.

14                                      CONCLUSION

15          In accordance with the above, IT IS HEREBY RECOMMENDED that the

16  document styled as a petition for writ of audita querela (Doc. No 137) be DISMISSED.

17          These findings and recommendations are submitted to the United States District

18  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen

19  days after being served with these findings and recommendations, any party may file written

20  objections with the court and serve a copy on all parties.  Such a document should be captioned

21  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections

22  shall be served and filed within fourteen days after service of the objections.  Failure to file

23  objections within the specified time may waive the right to appeal the District Court's order.

24  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153 (9th Cir.

25  1991).

26  /////

1          Further, IT IS HEREBY ORDERED that the motion for appointment of counsel

2   (Doc. No. 138) is DENIED.

3   DATED: January 3, 2013.

4

5   _____

6   DALE A. DROZD
    UNITED STATES MAGISTRATE JUDGE

7

8   DAD:11
    estr0247.auditaquerela

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26